UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
In re                                                         :
                                                              :
HELLAS TELECOMMUNICATIONS                                     :  Chapter 15
(LUXEMBOURG) II SCA                                           :
                                                              :
                                                              :
Debtor in a Foreign Proceeding.                               :  Case No. 12-10631 (MG)
------------------------------------------------------------- x
```

## ORDER GRANTING RECOGNITION OF A FOREIGN
## MAIN PROCEEDING AND RELATED RELIEF

This matter came before the Court upon the verified petition of Andrew Lawrence Hosking and Carl Jackson, in their capacity as Joint Compulsory Liquidators (the "Petitioners") of Hellas Telecommunications (Luxembourg) II SCA (the "Company") and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned case, for the entry of an order granting recognition of a foreign main proceeding (the "Verified Petition"). The Court has reviewed and considered, among other things, (i) the Verified Petition and its accompanying memorandum of law, (ii) the statement of Andrew Lawrence Hosking, in his capacity as Joint Compulsory Liquidator of the Company, made pursuant to section 1515 of the Bankruptcy Code, (iii) the declaration of John Verrill, English counsel to the Petitioners and (iv) the arguments and testimony presented at the hearing held on March 14, 2012. Based on the foregoing, the Court finds and concludes as follows:

1. The Petitioners have demonstrated that:

    (a) the Company is subject to a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code;

    (b) the Company is subject to a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

  (c) the Petitioners, as Joint Compulsory Liquidators of the Company, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code;

  (d) the above-captioned Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

  (e) the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

2. The relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1520 of the Bankruptcy Code.

3. Venue is proper in this District pursuant to 28 U.S.C. §1410.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the English Proceeding is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the English Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding and the foreign representatives of such a foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the English Proceeding, the Company and the Petitioners respectively, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

ORDERED, that all litigation pending in the United States (the "Litigation"), including the actions pending in the Supreme Court of the State of New York under index numbers 651693/2010, 653181/2011 and 653357/2011 (the "Actions"), is hereby stayed solely as against the Company; and it is further

ORDERED that section 108 of the Bankruptcy Code applies to the above-captioned Chapter 15 case and the relief provided under section 108 is available to the Petitioners; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that this Order shall be served upon the Company, all creditors and parties-in-interest identified by the Petitioners at the time of such service by email or first class mail on or before March 15, 2012 and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
       March 14, 2012

                                                      /s/Martin Glenn
                                                MARTIN GLENN
                                     United States Bankruptcy Judge